NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000429
03-APR-2018
08:01 AM

NO. CAAP-16-0000429

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ANTHONY K. CHATMAN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 02-1-0011; CR. NO. 02-1-2353)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Anthony K. Chatman (Chatman), *pro se*, appeals from the "Order Denying Motion for Correction or Modification of the Record Filed May 18, 2015 and Motion for Disqualification Filed September 10, 2015," entered on April 28, 2016 in the Circuit Court of the First Circuit (circuit court).[1]

On July 19, 2004, after a consolidated trial, Chatman was convicted of Attempted Murder in the Second Degree, in violation of Hawaii Revised Statutes (HRS) §§ 705-500(2), 707-701.5, and 706-656, in FC-Cr. No. 02-1-0011, and Bribery of a Witness, in violation of HRS § 710-1070, Intimidating a Witness, in violation of HRS § 710-1071, and Extortion in the Second Degree, in violation of HRS §§ 707-764 and -766, in Cr. No. 02-1-2353.

---

[1] The Honorable Karen S. S. Ahn presided.

On August 23, 2004, Chatman filed a Notice of Appeal in appeal no. 26763. Chatman's Opening Brief raised ten points of error.

On August 3, 2006, the supreme court vacated Chatman's conviction for Extortion in the Second Degree and affirmed his remaining convictions in both cases.

On May 12, 2008, Chatman filed with the circuit court a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody," pursuant to Rule 40 of the Hawaiʻi Rules of Penal Procedure (first HRPP Rule 40 petition). The first HRPP Rule 40 petition challenged Chatman's convictions in both cases on the grounds that his trial counsel provided ineffective assistance when it failed to 1) secure the testimony of a witness at trial, and 2) investigate and secure the appearance of witnesses for the hearing on the motion for a new trial.[2]

On January 26, 2009, in S.P.P. No. 08-1-0019, the circuit court denied Chatman's first HRPP Rule 40 petition, holding that "the Petition is patently frivolous and without a trace of support either in the record or from other evidence submitted by the Petitioner . . . ."

On March 24, 2010, in appeal No. 29504, this court affirmed the circuit court's denial of Chatman's first HRPP Rule 40 petition.

On May 18, 2015, Chatman filed a "Motion for Correction or Modification of the Record" (Motion for Correction), pursuant to Rule 10(e) of the Hawaiʻi Rules of Appellate Procedure. In the Motion for Correction, Chatman describes a portion of the trial transcript that occurred on June 18, 2003 that appears to be missing from the record, and requests that the record be corrected to include the missing part of the transcript. Chatman claims that at the time of his direct appeal, his appellate

---

[2] Chatman had claimed ineffective assistance of counsel when he appealed his conviction and sentence in appeal no. 26763, but this claim was deemed premature by the supreme court and denied without prejudice.

counsel did not notice that the aforementioned portion of the transcript was missing from the record on appeal, therefore, he was prejudiced by his inability to challenge "whether the trial court abused its discretion in denying declarant's request for a mistrial."

On September 10, 2015, Chatman filed a "Motion for Disqualification," arguing that Judge Karen S. S. Ahn should have recused herself from presiding over Chatman's trial on the grounds of judicial bias. In the Motion for Disqualification, Chatman specifically references a comment Judge Ahn made during a bench conference about Chatman being of African American descent, and argues that the comment demonstrated Judge Ahn's racial bias and prejudice against Chatman.

On April 28, 2016, the circuit court issued an order denying both the Motion for Correction and the Motion for Disqualification.

In the instant appeal, Chatman contends that the circuit court erred by denying his Motion for Correction and Motion for Disqualification.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

We first note that both the Motion for Correction and the Motion for Disqualification are, in effect, HRPP Rule 40 petitions for post-conviction relief. The issues raised by Chatman in his Motion for Correction and Motion for Disqualification were not raised in his first HRPP Rule 40 petition, and generally, relief under HRPP Rule 40 is not afforded where the petitioner knowingly and understandingly failed to raise an issue in a prior HRPP Rule 40 proceeding.[3]

---

[3]    **Rule 40    POST-CONVICTION PROCEEDING.**
(a)    **Proceedings and grounds.** The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis; provided that the foregoing shall not be construed to limit the availability of remedies in

Here, we conclude that Chatman waived the issues raised in the Motion for Correction and the Motion for Disqualification by not raising them in his first HRPP Rule 40 petition. With respect to the Motion for Correction, Chatman claims that he failed to previously raise the issue of the missing portion of the June 18, 2003 transcript because at the time of his direct appeal, his appellate counsel did not notice that the portion of the transcript was missing. However, the record shows that the transcript of the June 18, 2003 hearing was filed with the circuit court on December 28, 2004. With respect to the Motion for Disqualification, Chatman claims that he failed to previously raise the issue of Judge Ahn's comment regarding Chatman's race because he had not been privy to the May 30, 2003 bench conference during which the comment was made. However, the record shows that the transcript of the May 30, 2003 hearing was filed with the circuit court on February 22, 2005. Therefore, the transcripts were accessible for Chatman to review prior to the filing of his first HRPP Rule 40 petition on May 12, 2008. Therefore, we do not believe that these reasons constitute "extraordinary circumstances to justify petitioner's failure to raise the issue." See HRPP Rule 40(a)(3).

---

the trial court or on direct appeal. Said proceeding shall be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:

. . . .

(3)     Inapplicability. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

4

Accordingly, we affirm the circuit court's "Order Denying Motion for Correction or Modification of the Record Filed May 18, 2015 and Motion for Disqualification Filed September 10, 2015," entered on April 28, 2016.

DATED: Honolulu, Hawaiʻi, April 3, 2018.

On the briefs:

Anthony K. Chatman,
pro se, Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge